```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

RUSSEL ANDRÉ BRILEY                                CIVIL ACTION

VERSUS                                             NO: 13-5841

CITY OF NEW ORLEANS, ET AL.                        SECTION: R


**ORDER AND REASONS**

Before the Court is defendants' motion to dismiss or motion for summary judgment,[1] filed by all of the defendants in this case: the City of New Orleans, Mayor Mitchell J. Landrieu, Ground Transportation Bureau Director Jared Munster, Deputy Director Malachi S. Hull, and Assistant Director Yolanda Brownfield. Plaintiff has not filed a response to the motion. Because Briley has failed to state a claim, the Court GRANTS defendants' motion to dismiss under F.R.C.P. 12(c).

**I.   BACKGROUND**

The plaintiff, Russell André Briley, brings this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against defendants, alleging that they acted under color of state law to deprive him of his Fourteenth Amendment rights.[2] Briley does not specify whether the individual defendants are sued in their official capacity, individual capacity, or both. He also alleges

---

[1]   R. Doc. 25.
[2]   *See* R. Doc. 1.

no specific facts in his complaint. Finally, other than a request in his demand for nominal damages "for deprivation of Plaintiff's Due Process,"[3] he fails to specify any constitutional right or rights he believes defendants have violated.

Instead, he alleges that Chapter 162 of the New Orleans Code of Ordinances[4] is "arbitrary and capricious" and that the defendants "thwart competition" in the taxicab industry through "excessive fines, fees, [and] wrongful rulings."[5] In his demand he requests (1) an injunction or enforcement of the "current Federal Consent Decree;" (2) changes to Chapter 162 of the New Orleans Code of Ordinances; (3) reinstatement of his driver's permit and the refund of his permit fees; (4) the award of a Certificate of Public Necessity and Convenience;[6] and (5) compensatory damages.

The defendants answered the complaint asserting, among other defenses, a defense of qualified immunity.[7] They then filed this motion to dismiss under F.R.C.P. 12(b)(1) and 12(c). Defendants

---

[3]   *Id.* at 2.
[4]   Chapter 162 governs vehicles for hire--that is, taxis. *See* New Orleans, La., Code of Ordinances Ch. 162.
[5]   R. Doc. 1 at 2.
[6]   A taxicab operator must obtain a certificate of public necessity and convenience ("CPNC") from the City before operating a vehicle as a taxicab. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 266 (5th Cir. 2012) (citing Code of Ordinances Ch. 162-151).
[7]   *See* R. Doc. 14 at 3-4.

argue that Briley has pleaded no facts from which the Court could infer that the City or any of the individual defendants violated any of Briley's constitutional rights. In addition, defendants argue that the Court lacks subject matter jurisdiction over this suit as Briley has not exhausted his state administrative remedies. Finally, defendants argue that Briley has failed to plead facts sufficient to make out a successful *Monell* claim against the City or to overcome the qualified immunity defense asserted by the individual defendants in their individual capacity.

## II.  LEGAL STANDARD

### A. 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction.

*Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977).

### B. 12(c) Motion to Dismiss

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not

bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Briley seeks recovery under 42 U.S.C. § 1983 for violation of his rights under the Fourteenth Amendment to the United States Constitution. For actions brought under § 1983, this Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983.

Nevertheless, defendants contend that this Court lacks subject matter jurisdiction because Briley's claim is not ripe. According to defendants, Briley's claim is not ripe because he has not exhausted the state administrative remedies available to him to challenge the denial of his CPNC license.[8] Defendants are incorrect. Even assuming that the factual basis of Briley's complaint is indeed the City's refusal to grant him a CPNC license--which, as the discussion below explains, is far from clear--there is no requirement that a plaintiff exhaust state administrative or judicial remedies before he can pursue a claim under § 1983. *Romano v. Greenstein*, 721 F.3d 373, 375-76 (5th Cir. 2013) (citing *Patsy v. Bd. of Regents of Fla.,* 457 U.S. 496, 516 (1982)). Accordingly, defendants motion under Rule 12(b)(1) is denied.

### B. § 1983 Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Reading Briley's complaint that the "Defendants caused Deprivation of Rights . . . enjoined by the Fourteenth Amendment," together with his demand

---

[8]   *See* R. Doc. 25-1 at 12-16.

for nominal damages "for deprivation of Plaintiff's Due Process," it is possible make out an allegation that the defendants somehow violated Briley's Fourteenth Amendment due process rights. As Briley identifies no other federal rights allegedly violated by defendants, the Court analyzes only the sufficiency of Briley's Fourteenth Amendment due process claim.

"The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." *DePree v. Saunders,* 588 F.3d 282, 289 (5th Cir. 2009). Without such an interest, "no right to due process accrues." *Id.* (quoting *Moore v. Miss. Valley State Univ.,* 871 F.2d 545, 548 (5th Cir. 1989)). Nowhere in his short complaint does Briley allege that he had a protected property interest, that he was deprived of that interest, or that the deprivation happened at the hands of any of the defendants. Indeed, Briley alleges no facts at all about any of the defendants or any of their actions. "Because [Briley's] allegations do not establish that he was deprived of a property interest, his 42 U.S.C. § 1983 claims against all defendants must be dismissed." *Cobb v. City of Harahan*, 516 F. App'x 337, 341 (5th Cir. 2013).

## IV. CONCLUSION

For the forgoing reasons, the Court DENIES defendants' motion to dismiss under F.R.C.P. 12(b)(1) and GRANTS defendants'

motion to dismiss under F.R.C.P. 12(c). The Court DENIES defendants motion for summary judgment, because it declines to look outside the pleadings and because summary judgment is premature at this stage.

Ordinarily, "a court should grant a *pro se* party every reasonable opportunity to amend." *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Pena v. United States,* 157 F.3d 984, 987 n.3 (5th Cir. 1998)). When it is apparent, however, that amendment will be futile, dismissal without leave to amend is appropriate. Here, it is apparent from the record that amendment will be futile. Moreover, Briley has not even responded to this motion. Accordingly, this dismissal is entered without leave to amend.

New Orleans, Louisiana, this __7th__ day of July, 2014.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE